UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PALOMA RESOURCES, LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-247 |
| | § | |
| AXIS INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiffs Paloma Resources, LLC and Paloma Operating Company, Inc.'s (collectively, "Paloma") motion for rehearing and reconsideration. Dkt. 47. Defendant Continental Resources, Inc. ("Continental") responded. Dkt. 50. Paloma challenges the court's previously issued order granting Continental's motion to dismiss. Dkt. 42. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Paloma has neither clearly established a manifest error of law or fact nor presented newly discovered evidence.

Paloma argues that the court should reconsider its order because (1) the court's order "holds that Paloma released its right to ask for a declaratory judgment"; (2) a declaratory judgment is a not a "claim" within the terms of the release; (3) the court's logic in the order supports its interpretation of the agreement; (4) the court's order effectively grants summary judgment in favor of Continental

on an unpleaded affirmative defense; and (5) that the court should have considered Paloma's relationship with Ernst and Young in deciding Continental's motion to dismiss. Dkt. 47.

Paloma's first, second, and third arguments all relate to the court's interpretation of the agreement. First, Paloma argues that the order holds "Paloma released its right to ask for a declaratory judgment." Dkt. 47 at 1. According to Paloma, the order holds that when Continental and Paloma signed the Second Settlement Agreement, Paloma "was agreeing in advance it could never ask a court to declare, or give guidance as to the meaning of, the terms of the Agreement itself." *Id.* The court interprets Paloma's argument to mean that it believes the court's holding is that it bars all declaratory judgment claims. The court disagrees. Ultimately, the court held that "Paloma expressly released its right to sue Continental for 'any claims. . . in any manner arising out [of] or connected with the allegations in the Litigation." Dkt. 42 at 6. "Paloma's suit against Continental relates to the released claims." *Id.*

Second, Paloma argues that a declaratory judgment is not a "claim" within the terms of the release. Dkt. 47 at 3–5. Paloma relies on *Smith v. BCE, Inc.*, 225 Fed. App'x 212 (5th Cir. 2007), and *Sid Richardson Carbon & Gasoline Co. v. Internergy Resources*, 99 F.3d 746 (5th Cir. 1996). However, Paloma misconstrues the holdings in those cases. Paloma's cited authority holds that when a party brings both a breach of contract claim and declaratory judgment claim, the latter is not a cause of action but merely a theory of recovery. *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 752 n.3; *Smith*, 225 Fed. App'x at 216. These cases do not support Paloma's position. Here, Paloma is solely bringing a declaratory judgment claim, which the court interprets is a "claim" within the terms of the release. Paloma has not shown manifest error of law or fact that warrants rule 59(e) relief on this ground.

2

Third, Paloma argues that the order's logic supports its interpretation of the confidentiality provision in paragraph 16 of the Second Settlement Agreement. Dkt. 47 at 5. Specifically, Paloma argues the confidentiality provision allows it to show the documents to its insurer. *Id.* at 5–6.[1] Again, the court disagrees and finds that the confidentiality provision does not allow Paloma access to the Continental documents.

Fourth, Paloma argues that affirmative defenses, such as release, must be raised in a party's responsive pleading, and "[a motion to dismiss] is not a 'responsive pleading.'" Dkt. 47 at 7. However, dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense when that defense appears on the face of the pleadings. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). Further, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Here, Continental attached the Second Settlement Agreement, which includes the release, to its motion to dismiss and the agreement was referenced in Paloma's complaint and is central to its claim. Thus, the court properly considered the Second Settlement Agreement, and Paloma has not shown a manifest error of law or fact that warrants Rule 59(e) relief.

Finally, Paloma argues that the court erred when it did not consider the relationship between Paloma and Ernst and Young. Dkt. 47 at 7–11. Paloma repeats the same arguments it raised in the motion to dismiss stage. *See* Dkt. 16. Again, the court concludes that it does not need to

---

[1] Paloma also takes issue with certain sentences in the order's Background section. Dkt. 47 at 6. These are not findings of fact. The Background is the court's interpretation of the complaint, and it had no bearing on the outcome of the motion. The court took all inferences in Paloma's favor.

3

characterize the relationship between Paloma and a neutral third party to determine the outcome of the motion.

Accordingly, Paloma's motion for rehearing and reconsideration (Dkt. 47) is DENIED. Further, whatever rights Paloma may have had to view the documents in Ernst and Young's possession, the court held that Paloma released its right to sue Continental for a declaration that it has the right to view those documents. *See* Dkt. 42. Accordingly, Paloma's motion to compel production regarding third party Ernst and Young, LLP. (Dkt. 30) is DENIED.

Signed at Houston, Texas on February 6, 2019.

_____
Gray H. Miller
Senior United States District Judge